

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXX~~XXXXXXXX XXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 13, 1939

Honorable S. R. West
County Auditor
Van Zandt County
Canton, Texas

Opinion No. O-381

Re: Payment of Common School Taxes
without paying County and State Taxes

Dear Sir:

    This department is in receipt of your letter of February 18, 1939, requesting an opinion on the following question:

    "Can a man pay his common ad valorem school taxes without paying County and State taxes?"

    Article 7336e, Revised Civil Statutes of Texas provides:

    "Section 1. In cases where common school taxes and/or independent school district taxes are collectable from the same roll with any other tax, any taxpayer of any common school district or independent school district is authorized to pay one-half or all of said school taxes prior to the payment of any other tax; and upon such payment or tender of payment of one-half or all of such common school district tax and/or any independent school district tax, together with penalty, interest and costs thereon, if any, such collector is authorized and directed to receive the same and execute in duplicate a memorandum receipt therefor and deliver one copy to the taxpayer and keep the other as part of the records of his office, and the tax collector shall enter the date and amount paid in same memorandum form on the tax roll; and thereafter on full payment of all of the remaining taxes together with interest, penalty and costs, if any, as may be shown to be due on such roll, he shall issue his official tax receipt or certificate of redemption, as the case may be, in the manner provided by law and include therein the amount or amounts formerly paid.

    "Section 2. The tax collector may in his discretion prepare a separate roll showing the school taxes only, of any common school district or any independent school district as shown on the official tax roll delivered to him by the assessor and in such event, issue his receipts therefrom of such school tax pay-

ments. In the event the Commissioners' Court of the county and/or Board of Trustees of the independent school district authorizes in writing prior thereto, the making of such special roll, then they are hereby empowered to contract for necessary expenses therefor not to exceed the actual cost of the stationery and extra additional labor occasioned thereby.

"Provided nothing herein contained shall repeal, modify, or amend House Bill No. 6 or House Bill No. 7, passed at the Fourth Called Session of the Forty-third Legislature of the State of Texas, relative to penalties, and costs on tax obligations.

"Section 3. All laws and parts of laws in conflict herewith are hereby repealed."

This statute was enacted as H. B. No. 1, Acts Forty-fourth Legislature, Regular Session 1935, ch. 24, p. 66, which became effective February 27, 1935.

Prior to the passage of this act, former administrations of this department had ruled that a tax collector would not be authorized to accept payment of common school district ad valorem taxes, or independent school district taxes when assessed and collected under Article 2792, without payment of state and county taxes. This ruling was based upon the holding of Struard vs. Thompson, (T.C.A. 1923) 251 S.W. 277, which recognized the authority of the Comptroller, under Article 4344 (2), R.C.S. 1925, to "adopt such regulations not inconsistent with the Constitution and laws as he may deem essential to the speedy and proper assessment and collection of the revenues of the State."

Undoubtedly, Article 7336e was passed by the Legislature with the above ruling in mind. We have been advised by the Comptroller's office that that department recognizes the rule provided in Article 7336e, and does not now have a regulation in conflict therewith.

It is our opinion that the tax collector should be governed by the provisions of the above quoted article in the collection of common school taxes, and we therefore answer your question in the affirmative.

Yours very truly

CCC:FG:da

ATTORNEY GENERAL OF TEXAS

APPROVED:                    By          /s/ Cecil C. Cammack
/s/ Gerald C. Mann                       Cecil C. Cammack
ATTORNEY GENERAL OF TEXAS                    Assistant